UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB GRAY, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WESCO AIRCRAFT HOLDINGS, INC., RANDY J. SNYDER, TODD RENEHAN, DAYNE A. BAIRD, THOMAS M. BANCROFT III, PAUL E. FULCHINO, JAY L. HABERLAND, SCOTT E. KUECHLE, ADAM J. PALMER, ROBERT D. PAULSON, JENNIFER M. POLLINO, and NORTON A. SCHWARTZ,<br><br>Defendants. | Case No. 1:19-cv-08528-JSR |

**MEMORANDUM OF LAW IN SUPPORT OF
JACOB GRAY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
<u>APPROVAL OF HIS SELECTION OF LEAD COUNSEL</u>**

# TABLE OF CONTENTS

Introduction ........................................................................................................................1

Relevant Factual and Procedural Background .................................................................1

Argument ...........................................................................................................................3

    I.    Mr. Gray Should Be Appointed Lead Plaintiff ..................................................3

        A.    The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff ...................................................................................................3

        B.    The Published Notice Satisfies The PSLRA's Requirements And Mr. Gray's Motion Is Timely And Procedurally Complete ............................4

        C.    Mr. Gray Has The Largest Known Financial Interest ..............................5

        D.    Mr. Gray Meet Rule 23's Typicality And Adequacy Requirements .......6

    II.   The Court Should Approve Mr. Gray's Selection Of Monteverde As Lead Counsel ...........................................................................................................8

Conclusion .......................................................................................................................11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.,*
 258 F.R.D. 260 (S.D.N.Y. 2009) ...................................................................................5

*Campbell v. Transgenomic, Inc.,*
 916 F.3d 1121 (8th Cir. 2019) ..................................................................................... 9

*Campbell v. Transgenomic, Inc.,*
 No. 4:17-CV-3021, 2017 U.S. Dist. LEXIS 216162 (D. Neb. Aug. 9, 2017) ...................... 4, 5

*In re Century Aluminum Co. Sec. Litig.*,
 No. C 09-1205 SI, 2009 U.S. Dist. LEXIS 81205 (N.D. Cal. Sept. 8, 2009) ......................... 7

*Copia Claims, L.L.C. v. Cal. Infrastructure & Econ. Dev. Bank*,
 No. 2:09-CV-01610-GEB-DAD, 2009 U.S. Dist. LEXIS 109672 (E.D. Cal. Sept. 15, 2009)  4

*Ellenburg v. JA Solar Holdings Co.*,
 262 F.R.D. 262 (S.D.N.Y. Apr. 17, 2009) ................................................................... 6

*Emulex Corp. v. Varjabedian*,
 139 S. Ct. 1407 (2019) .......................................................................................... 10

*In re Envision Healthcare Corp.*,
 No. 18-1068-RGA, 2019 U.S. Dist. LEXIS 128237 (D. Del. Nov. 5, 2018) ........................... 9

*In re eSpeed, Inc. Sec. Litig.*,
 232 F.R.D. 95 (S.D.N.Y. 2005) ................................................................................. 6

*Firefighter's Pension & Relief Fund of New Orleans v. Bulmahn* ,
 No. 13-3935, 2013 U.S. Dist. LEXIS 115538 (E.D. La. Aug. 15, 2013) ................................ 4

*Greebel v. FTP Software*,
 939 F. Supp. 57 (D. Mass. 1996) .............................................................................. 5

*In re GTx, Inc. Shareholders Litig.*,
 No. 1:19-CV-03239-AT (S.D.N.Y. May 7, 2019) .................................................................9

*Hansen v. Ferrellgas Partners, L.P.*,
 No. 16-cv-9294, 2017 U.S. Dist. LEXIS 8145 (S.D.N.Y. Jan. 19, 2017) ............................... 6

*In re Initial Pub. Offering Secs. Litig.*,
 214 F.R.D. 117 (S.D.N.Y. 2002) ................................................................................ 7

*Kaplan v. Gelfond*,
 240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................. 6, 7

*Karp v. First Conn. Bancorp, Inc.*,
 2019 U.S. Dist. LEXIS 162819 (D. Md. Sept. 24, 2019) ....................................... 9

*Livonia Emps. Ret. Sys. v. Talmer Bancorp, Inc.*,
 No. 16-cv-12229, 2016 U.S. Dist. LEXIS 124417 (E.D. Mich. Sept. 14, 2016) ..... 5

*In re Lucent Techs. Sec. Litig.*,
 194 F.R.D. 137 (D.N.J. 2000) ................................................................................ 8

*Niederklein v. PCS Edventures!.com, Inc.*,
 No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247 (D. Idaho Feb. 24, 2011) ....... 7

*In re Nortel Networks Corp. Sec. Litig.*,
 No. 01-CV-1855 (RMB), 2002 U.S. Dist. LEXIS 1633 (S.D.N.Y. Feb. 1, 2002) ............. 8

*Plant v. Jaguar Animal Health, Inc.*,
 No. 17-cv-04102-RS, 2019 U.S. Dist. LEXIS 121921 (N.D. Cal. Dec. 11, 2017) .......... 9

*Riche v. Pappas*,
 No. 2018-0177-JTL, 2019 Del. Ch. LEXIS 567 (Del. Ch. Nov. 7, 2019) ............. 10

*Sallustro v. Cannavest Corp.*,
 93 F. Supp. 3d 265 (S.D.N.Y. 2015) ...................................................................... 6

*Siegall v. Tibco Software, Inc.*,
 No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780 (N.D. Cal. Feb. 24, 2006) ..... 5

*Spurlock v. Shutterfly, Inc.,*
 No. 1:19-CV-01387-LPS (D. Del. July 26, 2019) .................................................. 9

*In re Tronox, Inc.*,
 262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................................ 6

*Varjabedian v. Emulex Corp.*,
 888 F.3d 399 (9th Cir. 2018) ................................................................................ 10

*Zucker v. Zoran Corp.*,
 No. C 06-04843 WHA, 2006 U.S. Dist. LEXIS 93469 (N.D. Cal. Dec. 11, 2006) ......... 5

**Statutes, Rules & Regulations**

15 U.S.C. § 78n ............................................................................................................. 1
15 U.S.C. § 78u-4 ................................................................................................ *passim*
15 U.S.C. § 78t .............................................................................................................. 1

17 C.F.R. § 240.14a-9 ............................................................................................................... 1  
Fed. R. Civ. P. 23 ............................................................................................................. *passim*

**Other**

Conference Report on Securities Litigation Reform, H.R. Rep. No. 469, 104th Congress, 1st Sess. 31, *reprinted in* 1995 U.S.C.C.A.N. 679 ................................................................................ 8

**INTRODUCTION**

Plaintiff Jacob Gray ("Mr. Gray") respectfully submits this Memorandum of Law in support of his motion to: (1) appoint Mr. Gray as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*; (2) approve his selection of Monteverde & Associates PC ("Monteverde") to serve as Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of the acquisition of Wesco Aircraft Holdings, Inc. ("Wesco" or the "Company") by Platinum Equity Advisors, LLC ("Platinum") (the "Merger"). In order to secure shareholder approval for the Merger, Wesco issued a misleading definitive proxy statement which disclosed updated July 2019 projections that were adjusted downward from earlier April 2019 projections without any justification. Indeed, the downward revision was entirely inconsistent with Wesco's stellar financial performance as reported in its earnings calls. As a result, on September 13, 2019, Mr. Gray filed the above-captioned action asserting claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. 78n(a) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9. The Merger was approved by shareholders on October 24, 2019. Mr. Gray seeks to recover damages for Wesco shareholders on a class wide basis arising from the materially misleading proxy statement.

On October 5, 2019, Mr. Gray caused the notice required by 15 U.S.C. § 78u-4(a)(3) to be published via a widely circulated national business-oriented wire service. *See* Declaration of Juan E. Monteverde in Support of Jacob Gray's Motion for Lead Plaintiff ("Monteverde Dec."), Ex. A (the "Notice"). Accordingly, motions for lead plaintiff are due on December 4, 2019, 60 days after

the date on which the Notice was published. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). As of the filing of this motion, no other actions have been filed in New York. Furthermore, while three substantially similar actions were filed in the United States District Courts for the District of Delaware and Central District of California, there has been no docket activity in those cases, and one action was dismissed.[1]

Mr. Gray respectfully requests that the Court appoint him as Lead Plaintiff pursuant to the PSLRA. Mr. Gray should be appointed as Lead Plaintiff because: (1) he has timely filed for appointment as such and filed the only action pending in this Court; (2) he has the largest financial interest in the relief sought by the class; and (3) he meets the applicable requirements under Fed. R. Civ. P. 23. *Infra* §§A-D. Finally, he has retained experienced and competent counsel to represent the class. Monteverde has extensive experience recovering cash for shareholders in merger-related litigation and has been appointed lead counsel across the country in cases under Section 14 of the Exchange Act. As the "most adequate plaintiff" under the PSLRA, Mr. Gray's selection of Monteverde as Lead Counsel for the Class should be approved. *Infra* §II.

For the foregoing reasons, and as set forth in further detail below, Mr. Gray respectfully requests that the Court enter an Order: (1) appointing him as Lead Plaintiff pursuant to the PSLRA; (2) approving his selection of Monteverde as Lead Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

---

[1] The three actions are: *Stein v. Wesco Aircraft Holdings, Inc., et al*, Docket No. 2:19-cv-08053-SVW (C.D. Cal. Sep. 17, 2019) ("Plaintiff Stein"); *Kent v. Wesco Aircraft Holdings, Inc., et al*, Docket No. 1:19-cv-01750-MN (D. Del. Sep. 17, 2019) ("Plaintiff Kent"); and *Bushansky v. Wesco Aircraft Holdings, Inc., et al*, Docket No. 2:19-cv-08274-SVW (C.D. Cal. Sep. 24, 2019) ("Plaintiff Bushansky"). Plaintiff Stein filed her action individually, and on October 15, 2019 she voluntarily dismissed her action.

# ARGUMENT

I. **MR. GRAY SHOULD BE APPOINTED LEAD PLAINTIFF**

   **A. The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within sixty (60) days of the publication, for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3).

After notice has been published, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the plaintiff that the Court determines to be "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Once it is determined who amongst the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the

3

class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3), (B)(iii)(II).

### B. The Published Notice Satisfies The PSLRA's Requirements And Mr. Gray's Motion Is Timely And Procedurally Complete

On October 4, 2019, Mr. Gray amended his complaint and commenced this class action. The next day, on October 5, 2019, Mr. Gray, through Monteverde, published the Notice of the lead plaintiff deadline via *PRnewswire.com*.[2] *See* Monteverde Dec., Ex. A. The Notice notified putative class members of the pendency of the action, the nature of the claims alleged, and the putative class definition. *Id.* The Notice also advised any class member wishing to move for lead plaintiff that they must move the Court no later than December 4, 2019. *Id.* Thus, the Notice satisfied the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Mr. Gray has therefore timely filed his motion prior to the expiration of the lead plaintiff filing deadline. Moreover, Mr. Gray has signed and submitted a certification with his class action complaint filed on October 4, 2019 (ECF No. 6). As reflected in his certification, Mr. Gray certifies that he owned 3,040 shares of Wesco common stock and acquired those shares prior to the record holder date to vote on the Merger. Mr. Gray also has stated his willingness and ability to serve as Lead Plaintiff. (ECF No. 6). Thus, Mr. Gray has satisfied the certification requirement set forth in 15 U.S.C. § 78u-4(a)(2)(A). The PSLRA's procedural requirements have therefore been satisfied.

---

[2] Publication by a national press release firm like *PRnewswire* is an adequate means for meeting the requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g.*, *Campbell v. Transgenomic, Inc.*, No. 4:17-CV-3021, 2017 U.S. Dist. LEXIS 216162, at *3 (D. Neb. Aug. 9, 2017) (considering publication in *PRNewswire* to be sufficient); *Firefighter's Pension & Relief Fund of New Orleans v. Bulmahn*, No. 13-3935, 2013 U.S. Dist. LEXIS 115538, at *10 (E.D. La. Aug. 15, 2013) (noting publication via *Globe Newswire* sufficient); *Copia Claims, LLC v. Cal. Infrastructure & Econ. Dev. Bank*, No. 2:09-CV-01610-GEB-DAD, 2009 U.S. Dist. LEXIS 109672, at *4 (E.D. Cal. Sept. 15, 2009) (considering publication in *PRNewswire* to be sufficient).

### C. Mr. Gray Has The Largest Known Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the candidate with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Although the PSLRA is silent as to the methodology courts are to use in determining which plaintiff has the largest financial interest in the relief sought, in the merger and acquisition context, "the candidate with the largest potential recovery would be the candidate who had bought the largest number of [] shares." *Zucker v. Zoran Corp.*, No. C 06-04843 WHA, 2006 U.S. Dist. LEXIS 93469, at *8 (N.D. Cal. Dec. 11, 2006); *see also Livonia Emples. Ret. Sys. v. Talmer Bancorp, Inc.*, No. 16-cv-12229, 2016 U.S. Dist. LEXIS 124417, at *5 (E.D. Mich. Sept. 14, 2016) ("the plaintiff with the largest number of shares held is considered to have the largest financial interest") (citing *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009)).

Here, Mr. Gray owned 3,040 shares of Wesco common stock before the announcement of the Merger, more than all the other plaintiffs who filed class actions in different districts. Furthermore, as of the time of this filing no other Wesco shareholder has informed Monteverde that they intend to move to be appointed as lead plaintiff. Accordingly, Mr. Gray presumptively has the largest financial interest in the relief sought by the class.[3]

---

[3] In the event Mr. Gray is the only shareholder to move for lead plaintiff, he will, as a result, presumptively have the largest financial interest and, therefore, should be found the presumptive lead plaintiff. *See Campbell v. Transgenomic, Inc.*, No. 4:17CV3021, 2017 U.S. Dist. LEXIS 216162, at *4 (D. Neb. Aug. 9, 2017) ("Campbell owns 800 shares of Transgenomic stock and no other person or group has sought to serve as lead plaintiff. Therefore, the Court finds Campbell has the largest financial interest in the relief sought.") (citing *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64 (D. Mass. 1996) (concluding that when "no other persons have sought to be appointed lead plaintiff," the movant has the largest financial interest in the relief sought by the

### D. Mr. Gray Meet Rule 23's Typicality And Adequacy Requirements

In addition to possessing the largest financial interest in the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Courts have consistently held that at this stage, the Rule 23 considerations are limited to the questions of typicality and adequacy. *E.g., In re Tronox, Inc.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) ("'At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a lead plaintiff movant need only make a 'preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.'") (quoting *Ellenburg v. JA Solar Holdings Co. Ltd.*, 262 F.R.D. 262, 267 (S.D.N.Y. Apr. 17, 2009)). As detailed herein, Mr. Gray easily satisfies the typicality and adequacy requirements of Rule 23(a).

Typicality is satisfied when the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all class members. *See Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840, 2017 U.S. Dist. LEXIS 8145, at *11 (S.D.N.Y. Jan. 19, 2017). A plaintiff's "claims need not be identical to the claims of the class to satisfy the preliminary showing of typicality." *Id.* (quoting *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 277-78 (S.D.N.Y. 2015); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("The typicality threshold is satisfied 'where the claims arise from the same conduct from which the other class members' claims and injuries arise.'") (quoting *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)).

---

class)); *Siegall v. Tibco Software, Inc.*, No. C 05-2146 SBA, 2006 U.S. Dist. LEXIS 26780, at *11 n.1 (N.D. Cal. Feb. 24, 2006) (finding that, when only one person or group has moved to serve as lead plaintiff, that person or group presumptively has the largest financial interest in the relief sought) (citing *Greebel*, 939 F.Supp. at 64).

6

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represents the plaintiff, the plaintiff has no fundamental conflicts of interest with the class as a whole, and the action is not likely collusive. *See Kaplan,* 240 F.R.D. at 94 ("The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.") (citing *In re Initial Pub. Offering Secs. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)).

Here, Mr. Gray easily satisfies the typicality and adequacy requirements of Rule 23. Defendants are alleged to have solicited Wesco shareholders' vote in support of the Merger with the same materially false and/or misleading proxy statement that caused the same harm to Mr. Gray and all those similarly situated. In addition, Mr. Gray is not subject to any unique defenses, and no evidence exists of any conflict between his interests and those of the other putative class members. Finally, Mr. Gray has expressed sufficient interest to ensure vigorous advocacy by filing a complaint and the requisite certification and retaining counsel experienced in litigating actions of this nature. *See* Monteverde Dec., Ex. B (Monteverde Resume).

What is more, based upon representations in Mr. Gray's certification, his interests are perfectly aligned with – and by no means antagonistic to – the interests of the Class. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *14-16 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as lead plaintiff); *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *33-35 (D. Idaho Feb. 24, 2011) (same). Mr. Gray in particular has also demonstrated

his ability and zeal to prosecute the action by: filing his complaint; causing a PSLRA-compliant notice to be published; and submitting a certification with his complaint pursuant to 15 U.S.C. § 78u-4(a)(2), which identified all of his relevant Wesco trades during the class period and affirmed his willingness to serve as lead plaintiff (ECF No. 6).

Finally, Mr. Gray has selected and retained highly experienced counsel to act as Lead Counsel and litigate this action. As explained below, Monteverde is well regarded for their experience, knowledge, and ability to conduct complex shareholder class action litigation. *See* Monteverde Dec., Ex. B. Thus, Mr. Gray has made a *prima facie* showing he will satisfy Rule 23's typicality and adequacy requirements, and he should be appointed Lead Plaintiff.

## II. THE COURT SHOULD APPROVE MR. GRAY'S SELECTION OF MONTEVERDE AS LEAD COUNSEL

The PSLRA vests lead plaintiffs with the authority to select and retain lead counsel, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). Courts have refrained from disturbing lead plaintiffs' choice of counsel unless it is necessary to "protect the interests of the class." *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 155 (D.N.J. 2000) (citing Conference Report on Securities Litigation Reform, H.R. Rep. No. 369, 104th Congress, 1st Sess. 31, *reprinted in* 1995 U.S.C.C.A.N. 679, 685); *In re Nortel Networks Corp.*, No. 01-CV-1855 (RMB), 2002 U.S. Dist. LEXIS 1633, at *2 (S.D.N.Y. Feb. 4, 2002) (same).

Mr. Gray has selected Monteverde to act as Lead Counsel for the class. As reflected in its firm resume, Monteverde possesses extensive experience litigating complex class actions on behalf of shareholders, including securities and merger and acquisition class actions. *See* Monteverde Dec., Ex. B. The firm's prowess has been nationally recognized. Monteverde was listed in the Top 50 in the 2018 ISS Securities Class Action Services Report for recovering $17.5 million for American Capital shareholders in connection with its merger with Ares Capital

Corporation. In that case, Mr. Monteverde, as co-lead counsel, argued all substantive motions, defeated two motions to dismiss, and conducted all depositions in the case.[4] Furthermore, this year alone, Monteverde has recovered or secured five common funds in merger-related litigation for shareholders of Hansen Medical, Inc. ($7.5 million), ClubCorp Holdings, Inc. ($5 million), Transgenomic, Inc. ($1.95 million, pending final approval), MRV Communications ($1.9 million), and Miramar Labs, Inc. ($410,000).

Monteverde is also positioned to best represent the class through all stages of litigation. Monteverde has been appointed lead counsel in a number of recent actions arising under the Exchange Act in this District and others across the country. *See In re GTx, Inc. Shareholders Litig.*, No. 1:19-cv-03239-AT (S.D.N.Y. May 7, 2019); *Karp v. First Conn. Bancorp, Inc.,* 2019 U.S. Dist. LEXIS 162819 (D. Md. Sep. 24, 2019); *Bill Spurlock v. Shutterfly, Inc. et al*, No. 1:19-cv-01387-LPS (D. Del. July 26, 2019); *Plant v. Jaguar Animal Health, Inc., et al,* No. 17-cv-04102-RS, 2019 U.S. Dist. LEXIS 121921 (N.D. Cal. Dec. 11, 2017); *see also In re Envision Healthcare Corp.,* No. 18-1068-RGA, 2019 U.S. Dist. LEXIS 128237 (D. Del. Nov. 5, 2018). In four of the cases, Monteverde has already defeated motions to dismiss (*Jaguar*, *Animal Health*, *Envision Healthcare*, and *First Conn. Bancorp*). Furthermore, in *Campbell v. Transgenomic*, Monteverde prevailed in the Eighth Circuit in an appeal that remedied a common flaw in district courts' analysis of Section 14(a) claims. *See Campbell v. Transgenomic, Inc.*, 916 F.3d 1121, 1124 (8th Cir. 2019). As a result of the successful appeal, Monteverde was able to obtain a $1.95 million settlement

---

[4] The ISS Securities Class Action Services Top 50 of 2018 report is based upon historical North American settlement data from ISS' proprietary database, which tracks, among many other things, federal and state shareholder class actions. Each law firm was contacted to verify settlement data pertaining to that firm.

9

(pending final approval) providing additional consideration for Transgenomic shareholders (compared to $6 million equity value on the date the merger was consummated).

Monteverde also changed the law in a significant victory in *Varjabedian v. Emulex Corp.*, 888 F.3d 399 (9th Cir. 2018), creating a 5 to 1 circuit split that lowered the standard of liability under Section 14(e) of the Exchange Act in the Ninth Circuit. Monteverde then successfully preserved this victory by obtaining dismissal of a writ of certiorari as improvidently granted at the United States Supreme Court. *Emulex Corp. v. Varjabedian*, 139 S. Ct. 1407 (2019).

Monteverde also recently procured a victory for shareholders of U.S. Geothermal, Inc. by defeating defendants' request for a motion for summary judgment in an action arising out of the company's merger with Ormat Technologies, Inc. *Riche v. Pappas, et al.,* No. 2018-0177-JTL, (Del. Ch. Nov. 7, 2019). Monteverde is now preparing for trial, which is scheduled to start on March 30, 2020 before Vice-Chancellor J. Travis Laster in the Delaware Court of Chancery.

Notably, Mr. Monteverde, who leads the legal team at Monteverde, has been recognized by Super Lawyers as a Rising Star in Securities Litigation in 2013 and 2017-2019, an award given to less than 2.5% of attorneys in a particular field. Mr. Monteverde has also been selected by Martindale-Hubbell as a 2017-2019 Top Rated Lawyer. Moreover, the attorneys at Monteverde regularly speak and write articles to educate the legal community regarding securities and merger-related class action litigation. By virtue of their extensive experience litigating breach of fiduciary duty and securities class action cases in the context of corporate transactions like the Merger, the attorneys at Monteverde possess thorough knowledge of the applicable substantive law at issue, as well as the procedural requirements of this Court. Accordingly, Monteverde is well qualified to represent the class, and Mr. Gray therefore requests that the Court approve his selection of Monteverde as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Mr. Gray respectfully requests that the Court: (1) appoint Mr. Gray as Lead Plaintiff pursuant to the PSLRA; (2) approve his selection of Monteverde as Lead Counsel for the class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: December 4, 2019　　　　　　　　　　**MONTEVERDE & ASSOCIATES PC**

　　　　　　　　　　　　　　　　　　　　　*/s/ Juan E. Monteverde*
　　　　　　　　　　　　　　　　　　　　　Juan E. Monteverde
　　　　　　　　　　　　　　　　　　　　　The Empire State Building
　　　　　　　　　　　　　　　　　　　　　350 Fifth Avenue, Suite 4405
　　　　　　　　　　　　　　　　　　　　　New York, NY 10118
　　　　　　　　　　　　　　　　　　　　　Tel.: (212) 971-1341
　　　　　　　　　　　　　　　　　　　　　Fax: (212) 202-7880
　　　　　　　　　　　　　　　　　　　　　Email: jmonteverde@monteverdelaw.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Jacob Gray*